IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE AVILA,<br><br>    Plaintiff,<br><br>v.<br><br>TUVERA, et al.,<br><br>    Defendants. | No. C 15-01265 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motions for leave to proceed *in forma pauperis*, (Docket Nos. 1 and 5), will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must,

however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

On March 18, 2015, Plaintiff commenced this action by filing a complaint alleging that Defendants F. Tuvera, K. Kumar, J. Dunlap, A. Austria, and D. Tyler, had been deliberately indifferent to his serious medical needs by delaying treatment. (Docket No. 2.) However, on April 29, 2015, Plaintiff filed a document titled "Complaint," (Docket No. 11), which the Court treats as a first amended complaint. Plaintiff's first amended complaint ("FAC") supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "[A]fter amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent' . . . ." *Id.* (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). In contrast to the initial complaint, the FAC merely makes general allegations about the deficiency of the prison's medical recordkeeping procedures and about the need for specialists to determine treatment. The FAC also appears to cites sections of the California Code of Regulations. The FAC does not re-allege the claims raised in the initial complaint. The FAC also does not reference the named defendants in the body of the complaint.

Accordingly, the FAC fails to meet the minimum pleading requirements to state a § 1983 claim. The FAC fails to provide sufficient underlying facts to give Defendants fair notice of the claims against them, *e.g.*, what specific federal rights were violated, when the alleged violations occurred, and how each defendant was responsible for the violations. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Specific facts, such as the date and location of the underlying incident and each defendant's personal actions, must be

alleged in order to allow Defendants to properly defend. This action cannot proceed otherwise.

Plaintiff shall be granted leave to amend to attempt to cure these deficiencies. If, however, Plaintiff did not intend for the FAC to supersede the initial complaint, he may instead file a motion requesting that the Court strike the FAC and that the Court treat his initial complaint (Docket No. 1) as the sole complaint in the action.

If Plaintiff chooses to file an amended complaint to cure the identified deficiencies, Plaintiff is advised that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson*, 551 U.S. at 93(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall either file a motion to strike the first amended complaint or he shall file a second amended

complaint. The second amended complaint must include the caption used in this order, the civil case number used in this order, Case No. C 15-01265 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: May 12, 2015

_____
BETH LABSON FREEMAN
United States District Judge