IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE AVILA,<br><br>    Plaintiff,<br><br>v.<br><br>TUVERA, et al.,<br><br>    Defendants. | No. C 15-01265 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO EITHER FILE SECOND AMENDED COMPLAINT OR TO STRIKE FIRST AMENDED COMPLAINT**<br><br>(Docket No. 15) |

Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 18, 2015, Plaintiff commenced this action by filing a complaint alleging that Defendants F. Tuvera, K. Kumar, J. Dunlap, A. Austria, and D. Tyler, had been deliberately indifferent to his serious medical needs by delaying treatment. (Docket No. 2.) However, on April 29, 2015, Plaintiff filed a document titled "Complaint," (Docket No. 11), which the Court treated as a first amended complaint ("FAC").[1] On May 12, 2015, the Court reviewed the FAC and found that it was deficient in numerous ways, including failing to specify how Defendants violated his constitutional rights. (Docket

---

[1] A first amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "[A]fter amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent' . . . ." *Id.* (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Order Granting Extension of Time
P:\PRO-SE\BLF\CR.15\01265Avila_eot am compl.wpd

No. 12 at 2.) The Court further noted that Plaintiff's initial complaint did not have these deficiencies. (*Ibid.*) The Court dismissed the FAC with leave to amend and presented Plaintiff with two options. Plaintiff's first option is to file a second amended complaint that corrects the deficiencies identified by the court. (*Id.* at 3.) Or, Plaintiff has the option of striking the first amended complaint (Docket No. 11) and proceeding with the initial complaint (Docket No. 1). Plaintiff was directed to either file a second amended complaint or file a motion to strike the first amended complaint by June 9, 2015. (Docket No. 12 at 2.)

On June 15, 2015, the Court received a letter from Plaintiff dated June 5, 2015. (Docket No. 15.) In this letter, Plaintiff informs the Court that he had been transferred to a new institution and that he had only recently, on June 2, 2015, received the Court's May 12, 2015 Order of Dismissal with Leave to Amend. (*Id.* at 1.) He reiterates his claim that Defendants had violated his constitutional rights by deleting treatment and failing to provide adequate medical care. (*Ibid.*) He also requests appointment of counsel, claiming that counsel is necessary because he does not know how to read or write; he has a TABE score of 1.4; he is under the care of psychiatrists; and because he does not know what to say or do next. (*Ibid.*) Plaintiff has previously requested counsel, citing similar reasons, (Docket No. 8), and the Court denied that request for counsel, (Docket No. 9). Plaintiff's current request for appointment of counsel (Docket No. 15) is DENIED with prejudice for lack of exceptional circumstances, *see Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), the same reasons as set forth in the Court's prior order denying appointment counsel. Moreover, a review of the record indicates that Plaintiff has been able to prosecute this case despite his alleged illiteracy and psychiatric issues.

However, in the interest of justice, Plaintiff is granted an extension of time to July 13, 2015, to either (1) file a second amended complaint to address the deficiencies in his first amended complaint, or (2) file a motion to strike the first amended complaint and proceed with his initial complaint.

If Plaintiff chooses option 1, which is to file a second amended complaint, he may use the court's form complaint. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. In the second amended complaint, Plaintiff should list what specific federal rights were violated, when the alleged violations occurred, and how each defendant was responsible for the violations. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement" of each claim. Fed. R. Civ. P. 8(a)(2). The second amended complaint must include the caption used in this order, the civil case number used in this order, Case No. C 15-01265 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.

If Plaintiff chooses option 2, he should file a motion titled "Motion to Strike First Amended Complaint." In this motion, he should request that the Court strike the first amended complaint and that the action proceed on the initial complaint, which was filed on March 18, 2015.

**Failure to respond in accordance with this order by July 13, 2015, will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: June 19, 2015

BETH LABSON FREEMAN
United States District Judge

Order Granting Extension of Time
P:\PRO-SE\BLF\CR.15\01265Avila_eot am compl.wpd         3